669 P.2d 1338

In the Matter of the ESTATE OF
Winnifred K. HORTON, Deceased.

Michael HORTON and Carol Davis,
Claimants/Appellants,

v.

James E. SHEA and Richard Shea,
Claimants/Appellees.

No. 2 CA-CIV 4625.

Court of Appeals of Arizona,
Division 2.

April 13, 1983.

Rehearing Denied May 19, 1983.

Review Denied July 12, 1983.

Molloy, Jones, Donahue, Trachta, Childers
& Mallamo, P.C. by D. Michael Mandig,
Tucson, for claimants/appellants.

Seefeldt & Neal by Michael M. Neal, Tucson, for claimant/appellee James E. Shea.

James M. Elliott, Tucson, for claimant/appellee Richard Shea.

OPINION

HOWARD, Chief Judge.

The determinative issue in this case is whether an order determining heirs, which contained an express determination that there was no just reason for delay (Rule 54(b), Arizona Rules of Civil Procedure, 16 A.R.S.) was an appealable order under A.R.S. § 12–2101. We hold that it was and that the failure of appellant to file a timely appeal precludes this appeal from the final order of distribution of the estate.

Winnifred Horton's mother was Lizzie Woods, also known as Lydia Woods. Lizzie married Frank Shea and the issue of that marriage was James F. Shea. James F. Shea died leaving two sons, appellees, James and Richard Shea.

Winnifred Horton moved to Arizona and married N.E. Horton who had children by a previous marriage whom Winnifred did not adopt. Appellants are the descendants of Mr. N.E. Horton, the deceased husband of Winnifred Horton, and are of no legal relation to her whatsoever.

The residuary clause of the will of Winnifred Horton which was admitted into probate states: "All the rest, residue and remainder of my estate, real and personal, shall be and is hereby devised and bequeathed to my surviving *legal heirs,* share and share alike." (Emphasis added.)

A proceeding to determine heirs was filed pursuant to A.R.S. § 14–3931. Appellants contested the petition, alleging that the term "legal heirs" in the residuary clause should be construed to include them. The Sheas filed a motion in limine asking the trial court to exclude any extrinsic evidence relative to the term "legal heirs." Appellants contended that there was a patent ambiguity and this evidence was admissible

to show, inter alia, that Winnifred Horton referred to appellants as her grandchildren and treated them as if they were blood relatives. The probate court granted the motion in limine and eventually entered an order with the appropriate Rule 54(b) certification declaring the Sheas were the legal heirs under the will of Winnifred K. Horton. Appellants attempted to appeal from the order but since the appeal was untimely, we dismissed it with prejudice.

Appellants have filed this appeal from the decree of final distribution contending that the order determining heirs was not appealable and that they therefore have a right to an appeal from the final decree of distribution. We do not agree.

Appeals in a probate matter are governed by A.R.S. § 12–2101(J) which permits an appeal "[f]rom a judgment, decree or order entered in any formal proceedings under title 14." Prior to 1974 when the Uniform Probate Code was adopted, A.R.S. § 12–2101(J) specified seven different categories of "judgment or order" entered in a probate proceeding which could be appealed. One of these was an order determining heirship.

Instructive on this issue is 1 Arizona Appellate Handbook § 3.2.1.1 at 1981–3–3 (1981 Supp.) which states:

"... Construing the present subsection, the supreme court has held in *Ivancovich v. Meier*, 122 Ariz. 346, 595 P.2d 24 (1979), that the word 'order' as used in A.R.S. § 12–2101(J) means 'an order similar to a final judgment or decree' entered in any formal probate proceedings. The precise scope of this phrase is uncertain. Nevertheless, *it would seem that to be appealable an order should at least be of the same general importance as those orders specified in the previous statute. Ivancovich* also indicates that to be appealable an order should finally adjudicate some particular aspect of the probate proceeding or affect some substantial right of a party of the same nature as those involved in the other appealable orders specified in A.R.S. § 12–2101...." (Emphasis added.)

There can be no doubt that the order determining heirs which was entered here and which was subject to appeal prior to 1974, is the type of order which is appealable under A.R.S. § 12–2101(J).

Appellants' claim that the court erred in granting the motion in limine is barred by the principles of res judicata.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.